**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alla Josephine Rosenfield,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>GlobalTranz Enterprises, Inc., a Delaware corporation; Andrew J. Leto, an Arizona citizen and a married man; Jane Doe Leto, an Arizona citizen and a married woman; Anthony Albanese, a Florida citizen and a married man; Jane Doe Albanese, a Florida citizen and a married woman; John Does I-X; Jane Does I-X; ABC corporations I-X; Def Limited Liabilities Company I-X; and XYZ Partnerships or LLP, I-X,<br><br>　　　　　　　Defendants. | No. CV 11-02327-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' Motion to Strike (Doc. 4). Defendants request that the Court strike paragraphs 44, 46, 47 and 48 of Plaintiff's Complaint (Doc. 1-1) because these paragraphs include improperly disclosed attorney-client privileged materials. Defendants also request that the Court authorize the filing of a similar motion in state court, where this case originated, in order to request that the privileged materials be stricken from the complaint on record there. Because Plaintiff restated the privileged materials in her response to Defendants' motion, Defendants also request that the privileged materials disclosed in Plaintiff's response be stricken.

The attorney-client privilege "protects confidential communications between attorneys and clients[] which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The privilege applies to "legal advice of any kind . . . from a professional legal adviser in his capacity as such" where "the communications relat[e] to that purpose . . . [and are] made in confidence . . . by the client." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). Such privileged materials are "permanently protected . . . from disclosure by [the client] or the legal adviser . . . unless the protection be waived." *Id.* The party asserting the attorney-client privilege has the burden of establishing all the elements of the privilege. *See Richey*, 632 F.3d at 566. Both the substance of communications between client and attorney regarding the provision of legal assistance as well as the purpose and motivation for seeking legal advice are privileged. *See In re Grand Jury Witness*, 695 F.2d 359 (9th Cir. 1982) ("As a general proposition, the client's ultimate motive for litigation or for retention of an attorney is privileged.").

Defendants have satisfied their burden of establishing that paragraphs 44, 46, 47, and 48 of Plaintiff's complaint contain attorney-client privileged materials. Plaintiff has not challenged whether the attorney client-relationship exists here or whether the privilege has otherwise been waived. Rather, Plaintiff simply alleges that the disclosed information does not contain "confidential disclosures that rise[] to the level of attorney-client privileged information" (Doc. 8 at 2) and is otherwise by its nature not properly characterized as privileged. However, these paragraphs relate both Defendants' motive for seeking legal advice as well as the substance of Defendants' attorney's communications in response to the inquiry for legal advice, and thus fall plainly within the protection of the attorney-client privilege.[1] This privileged material is therefore inadmissible, and may accordingly be stricken as immaterial under Rule 12(f). *See* Fed.

---

[1] In order to avoid further disclosure of Defendants' privileged information, the Court will not discuss specifically the allegations contained in paragraphs 44, 46, 47, and 48.

R. Civ. P. 12(f) (authorizing Court to strike from pleading all allegations that are "immaterial, impertinent or scandalous.").

Because the Court agrees that paragraphs 44, 46, 47, and 48 contain information protected by the attorney-client privilege, the Court will grant Defendants' Motion to Strike (Doc. 4) and related requests to strike the privileged material from Plaintiff's response (Doc. 8) and from the state court record.  The parties shall re-file redacted versions of Documents 1 and 8 omitting the privileged materials.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike (Doc. 4) is granted.  The Clerk shall strike from the record the documents containing privileged materials (Docs. 1, 8).

IT IS FURTHER ORDERED that the parties shall file replacement documents omitting the privileged materials as provided by this order for Documents 1 and 8.

IT IS FURTHER ORDERED granting jurisdiction to Maricopa County Superior Court for the limited purpose of striking paragraphs 44, 46, 47, and 48 from the Complaint in this matter that remains on file in the Superior Court's public record.  The Court requests that the Superior Court strike paragraphs 44, 46, 47, and 48 from the Complaint to provide the relief granted by this order.

Dated this 27th day of January, 2012.

_____
Neil V. Wake
United States District Judge