**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alla Josephine Rosenfield, a married woman,<br><br>             Plaintiff,<br><br>vs.<br><br>GlobalTranz Enterprises, Inc., et al.,<br><br>             Defendants. | No. CV 11-02327-PHX-NVW<br><br>**ORDER** |

Before the Court is "Plaintiff's Motion for Leave to File a Second Amended Complaint" (Doc. 27). This motion raises a question of first impression: whether the Patient Protection and Affordable Care Act of 2010 created a new cause of action — in addition to a preexisting cause of action — for those who believe they have been retaliated against due to their complaints about violations of the Fair Labor Standards Act. For the reasons stated below, the Court holds that no such cause of action was created, and therefore denies Plaintiff's motion to amend.

**I.     LEGAL STANDARD**

The Court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, amendment need not be granted if it would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. BACKGROUND

Defendant GlobalTranz Enterprises hired Plaintiff Alla Josephine Rosenfield in April 2010 to be GlobalTranz's human resource manager. During Rosenfield's tenure at GlobalTranz, she reported to her superiors what she believed to be various violations of the Fair Labor Standards Act (FLSA). GlobalTranz terminated Rosenfield in May 2011. Rosenfield believes she was terminated in retaliation for her FLSA-related complaints.

In October 2011, Rosenfield sued GlobalTranz alleging two causes of action: first, a state-law whistleblowing cause of action; and second, a cause of action under 29 U.S.C. § 215 — a portion of the FLSA which prohibits retaliation against employees who complain about FLSA violations. Rosenfield now moves to amend her second cause of action to add a second statutory citation: 29 U.S.C. § 218c. She does not seek to add additional allegations.

## III. ANALYSIS

Rosenfield's proposed amendment, on its face, looks minor. All she wishes to do is amend her FLSA retaliation cause of action to include a citation to a recently enacted statute, 29 U.S.C. § 218c, in addition to the statute she already cites, 29 U.S.C. § 215. Thus, it appears as if she is simply shoring up the legal basis for her retaliation claim.

On closer inspection, however, Rosenfield's proposed amendment has potentially momentous consequences. If § 218c means what Rosenfield says it means, it gives her far greater ability to prosecute her retaliation claim than § 215, even though no one appears to have recognized that it has that effect. A thorough analysis reveals that Rosenfield has a mistaken view of § 218c.

### A. Background on Section 218c

President Obama signed the Patient Protection and Affordable Care Act (Act), Pub. Law 111-148, 124 Stat. 119, into law in March 2010. Title I of the Act establishes

many of the law's high-profile provisions, as well as certain somewhat less-discussed provisions. For example, Title I contains many prohibitions on discrimination.[1]

The majority of Title I is codified in Title 42 of the United States Code, with a substantial minority codified in Title 26 (the Internal Revenue Code). Four sections, however, are codified in Title 29, relating to labor. Three of those sections are not relevant here. The fourth, however, is § 1558, codified at 29 U.S.C. § 218c, which reads:

> No employer shall discharge or in any manner discriminate against any employee with respect to his or her compensation, terms, conditions, or other privileges of employment because the employee (or an individual acting at the request of the employee) has —
>
> (1) received a credit under section 36B of Title 26 or a subsidy under section 18071 of Title 42;
>
> (2) provided, caused to be provided, or is about to provide or cause to be provided to the employer, the Federal Government, or the attorney general of a State information relating to any violation of, or any act or omission the employee reasonably believes to be a violation of, any provision of *this title* (or an amendment made by *this title*);
>
> (3) testified or is about to testify in a proceeding concerning such violation;
>
> (4) assisted or participated, or is about to assist or participate, in such a proceeding; or
>
> (5) objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee (or other

---

[1] *See*, *e.g.*, Title I, § 1001 (enacting what is now codified at 42 U.S.C. § 300gg-16, which prohibits group health plans from "establish[ing] eligibility rules that have the effect of discriminating in favor of higher wage employees"); *id*. § 1201 (enacting what is now codified at 42 U.S.C. § 300gg-4, which prohibits certain health insurers from discriminating against applicants based on, *e.g.*, genetic information); *id*. § 1557 (enacting what is now codified at 42 U.S.C. § 18116, which prohibits health plans that receive federal funding from discriminating against plan members based on race, gender, and like characteristics).

> such person) reasonably believed to be in violation of any provision of *this title* (or amendment), or any order, rule, regulation, standard, or ban under *this title* (or amendment).

29 U.S.C. § 218c(a) (emphasis added).

Rosenfield seeks to amend her complaint on the theory that paragraph (5) applies to her. Rosenfield believes that "this title" refers to Title 29 of the United States Code — the same title that establishes the FLSA duties which Rosenfield alleges GlobalTranz violated. Since she has allegedly "objected to . . . [an] activity, policy, practice, or assigned task" that she believed violated the FLSA, she asserts that 29 U.S.C. § 218c(a)(5) provides her a cause of action in addition to the preexisting anti-retaliation provision, 29 U.S.C. § 215. GlobalTranz, however, insists that "this title" refers to Title I of the Act, not Title 29 of the U.S. Code.

For at least two reasons, GlobalTranz is correct. First, if "this title" refers to Title 29 of the U.S. Code, then the Act is left without any anti-retaliation protections — an unusual result given the structure and purposes of the Act. Second, Rosenfield has offered no reason to think that Congress intended to create a cause of action in addition to and broader than § 215 without actually amending § 215. Each reason will be discussed in turn.

**B.     Consequences of Divorcing Section 218c from the Act**

The first reason comes down to a question of whether Congress intended comprehensive healthcare reform *with* an anti-retaliation provision, or whether Congress intended comprehensive healthcare reform *without* an anti-retaliation provision — and just happened to include an anti-retaliation provision for the FLSA and other labor laws instead (even though an anti-retaliation provision for the FLSA already exists, *see* Part III.C, *infra*). Although the legislative history of the Act is voluminous and sometimes convoluted, the Court could locate nothing indicating that Congress intended the Act to create a new anti-retaliation cause of action for the labor laws contained in Title 29.

Indeed, if "this title" in § 218c refers to Title 29, then nearly all of Title I of the Act is left without anti-retaliation protections — because most of it was not codified in Title 29.

Recognizing this, the official Government Printing Office version of § 218c states in a "References in Text" note: "This title, referred to in subsec. (a)(2), (5), probably means title I of [the Act]."[2] If the case were otherwise, a whistleblower could be fired with impunity as far as the Act is concerned — surely an incongruous result given the comprehensive reforms Congress intended and its many protections against discrimination. Thus, the far more likely inference (as the GPO recognized) is that Congress meant "this title" in § 218c to refer to Title I of the Act, not Title 29 of the U.S. Code.

### C. Consequences of Adding Section 218c on top of Section 215

In addition, if Congress meant "this title" to refer to Title 29, it worked a momentous change in labor law with no one seeming to notice. To understand, one must first understand the scope of the statute under which Rosenfield has already sued, 29 U.S.C. § 215, and how it potentially differs from § 218c.

#### 1. Section 215's Preexisting Anti-Retaliation Protections

Section 215 has been a part of the FLSA since its enactment in 1938. As amended, it states in relevant part: "it shall be unlawful for any person * * * to discharge . . . any employee because such employee has filed any complaint . . . related to this chapter [*i.e.*, regarding violations of the FLSA] . . . ." 29 U.S.C. § 215(a)(3).

As employees have sued under this provision over the years, the courts have dealt with two major disputes about its scope. First, employers and employees have argued whether "filed any complaint" encompasses oral complaints, as opposed to written complaints. A circuit split on the question developed, with the Second Circuit holding that § 215(a)(3) encompasses only written complaints, *Lambert v. Genesee Hosp.*,

---

[2] *See* http://www.gpo.gov/fdsys/pkg/USCODE-2011-title29/pdf/USCODE-2011-title29-chap8-sec218c.pdf. Westlaw's version eliminates the "probably." *See* 29 U.S.C.A. § 218c note.

10 F.3d 46, 55–56 (2d Cir. 1993), and the Fifth and Ninth Circuits reaching the opposite conclusion, *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 625–26 (5th Cir. 2008); *Lambert v. Ackerley*, 180 F.3d 997, 1007 (9th Cir. 1999) (en banc).

Only last year, the Supreme Court settled the question definitively, holding that § 215(a)(3) applies to both oral and written complaints. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1336 (2011). The Supreme Court nonetheless heeded the concern that oral complaints might leave employers "in a state of uncertainty about whether an employee (particularly an employee who seems unusually angry at the moment) is in fact making a complaint about [a FLSA] violation or just letting off steam." *Id*. at 1334. The Court therefore held that "the phrase 'filed any complaint' contemplates some degree of formality, certainly to the point where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand the matter as part of its business concerns." *Id*.

Also at issue in *Kasten* was the second question that has preoccupied courts regarding § 215(a)(3): does "filed a complaint" mean "filed a complaint with the government," or does it cover complaints made within the company? Most courts of appeal to consider the issue before *Kasten* held that intracompany complaints sufficed. *See Hagan*, 529 F.3d at 625; *Moore v. Freeman*, 355 F.3d 558, 562–63 (6th Cir. 2004); *Lambert*, 180 F.3d at 1004; *Valerio v. Putnam Associates, Inc.*, 173 F.3d 35, 41 (1st Cir. 1999); *EEOC v. White & Son Enters.*, 881 F.2d 1006, 1011 (11th Cir .1989); *Love v. RE/MAX of America, Inc.*, 738 F.2d 383, 387 (10th Cir. 1984); *but see Ball v. Memphis Bar-B-Q Co.*, 228 F.3d 360, 363-365 (4th Cir. 2000). However, the employer in *Kasten* "said nothing about [the issue] in response to Kasten's petition for certiorari." *Kasten*, 131 S. Ct. at 1336. The Supreme Court therefore declined to reach the question. *Id*.

Since *Kasten*, the Fourth Circuit has distinguished its *Ball* decision (the only decision holding that complaints must be made to the government) and joined the majority view, holding that § 215(a)(3) generally protects intracompany complaints. *Minor v. Bostwick Labs., Inc.*, 669 F.3d 428, 439 (4th Cir. 2012).

The Ninth Circuit is among this majority view. *Lambert*, 180 F.3d at 1004. Thus, § 215(a)(3) potentially protects oral complaints made within the company, subject to the Supreme Court's qualification that oral complaints must be made with sufficient formality to permit the employer to understand that a "complaint" has been lodged.

### 2.   Changes Potentially Wrought by Section 218c

If § 218c adds a new anti-retaliation cause of action on top of § 215, it would make § 215 and all of the case law interpreting it obsolete. "Objects to" in § 218c(a)(5) is much less formal than § 215's preexisting requirement to "file[] any complaint," thus overriding any concern for formality that the Supreme Court expressed in *Kasten*. Further, § 218c would settle the long-running dispute over whether one must make a complaint to the government, as opposed to just an intracompany complaint — because § 218c explicitly encompasses both possibilities. Enacting such changes in a new statutory section — as opposed to amending § 215 — makes little sense, especially without mentioning how the new remedy might relate to the preexisting remedy.

Moreover, *Kasten* and the Fourth Circuit's post-*Kasten* decision (regarding intracompany complaints) were both decided after § 218c became law. It is improbable that they would not at least mention — if only in a footnote — that everything they were saying about § 215 was now irrelevant in light of § 218c.

Further, the Labor Department itself has given no indication that § 218c provides any means of recourse for Title 29 violations. In December 2011 (over a year-and-a-half after § 218c became law), the Labor Department issued "Fact Sheet # 77A: Prohibiting Retaliation Under the Fair Labor Standards Act (FLSA)," *available at* http://www.dol.gov/whd/regs/compliance/whdfs77a.htm. The only anti-retaliation provision this "fact sheet" discusses is § 215. Further, it states that "most courts have ruled that internal complaints to an employer are . . . protected," *id*. (emphasis removed) — a superfluous statement if § 218c applies, given that it specifically encompasses intracompany complaints.

### D. Resolution of Rosenfield's Motion

There is every reason to believe that "this title" in § 218c refers to Title I of the Act, and no reason to believe that it adds a new cause of action to the labor laws, over and above — and without acknowledging — the anti-retaliation cause of action that has been there since 1938. The Court therefore holds that "this title" in § 218c does not refer to Title 29 of the United States Code.

Given this holding, Rosenfield's motion to amend must be denied as futile. The Court need not address GlobalTranz's alternative argument regarding exhaustion of administrative remedies.

IT IS THEREFORE ORDERED that "Plaintiff's Motion for Leave to File a Second Amended Complaint" (Doc. 27) is DENIED.

IT IS FURTHER ORDERED that oral argument currently set for July 12, 2012 is VACATED.

Dated this 2nd day of July, 2012.

_____
Neil V. Wake
United States District Judge